# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAURA LIEBAL, as Next of Friend and Guardian of M.M., a Minor,

Plaintiff,

v.

BELVEDERE FIRE COMPANY, the BOARD OF DIRECTORS OF THE BELVEDERE FIRE COMPANY, individually and as the controlling body of the BELVEDERE FIRE COMPANY, ROBERT JOHNSON, DWAYNE PEARSON, IAN MCLARTHY, CHARLIE AIKEN, and SHIRLEY GOLDSBERRY,

Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

C.A. No.: N24C-08-154 CEB

Submitted: March 12, 2025
Decided: March 20, 2025

## ORDER DENYING INTERLOCUTORY APPEAL

1.    In this lawsuit involving the Belvedere Fire Company, its executives, and board members, the Court issued an Order granting in part and denying in part a motion to dismiss filed by the Defendants.[1]  Plaintiff seeks interlocutory review of the "granting in part" part of the Opinion.

---

[1] *Liebal as Next Friend of M.M. v. Belvedere Fire Co.*, 2024 WL 5445302, at *1 (Del. Super. Mar. 5, 2025).

2. Specifically, the Complaint included an allegation that a member of the fire company used a fire company vehicle to transport a juvenile to a location where he committed a sex act with the juvenile. The argument was that in using a vehicle, an exception to the governmental immunity statute, 10 *Del. C.* § 4011, applied. That provision waives government immunity for the "ownership, maintenance and use" of government vehicles. 10 *Del. C.* § 4012. The Court ruled that the sex offender's use of the vehicle to transport the minor to a location was not the type of "use" envisioned by the waiver of immunity and therefore the immunity applied. Rather, the vehicle itself must be the instrument that causes the harm for immunity to be waived.

3. Supreme Court rule 42 instructs the Court to consider 8 factors to determine whether to certify an interlocutory appeal.[2] Plaintiff says 3 of them are "pertinent" to its request: 1) it involves a question of law resolved for the first time in this state, 2) it relates to a statute "which has not been, but should be, settled by this Court in advance of an appeal from a final order," and 3) review "may serve considerations of justice."[3]

---

[2] Supr. Ct. R. 42(b)(iii).

[3] D.I. 21 Application for Certification of Interlocutory Order at 3-4 (Mar. 12, 2025), Trans. ID 75866048.

4.	Pertinent consideration number 2 requires consideration of what issues "should be" decided outside the ordinary course. Consideration number 3 asks what interlocutory appeals "may serve" considerations of "justice." While these are all substantial considerations, they are difficult to define and objectify. One conclusion that can be drawn, however, is that interlocutory appeals should be reserved to a small class of disputes of sufficient complexity or gravity that they deserve jumping their "normal" place in line in favor of a prejudgment appellate ruling.[4]

5.	Only number 1 – that "the interlocutory order involves a question of law resolved for the first time in this State" – is objective. It is a fair point that this is (thankfully) the first decision concerning the use of an immune entity's vehicle to transport a minor for sex acts. But its uniqueness is also a reason *not* to halt the normal process and allow an appeal of this single issue now. Construing Delaware statutes in unique situations is sort of what trial courts do. Just about every day.

6.	The Court is mindful of Rule 42's general admonition that "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[5] There remain numerous individual defendant parties to this

---

[4] "At the outset, interlocutory appeals are the exception and not the rule. They are disfavored because they disrupt the flow of litigation, cause delay, and exhaust party and judicial resources." *Fontana v. CSX Transportation, Inc.*, 2025 WL 655803, at *2 (Del. Super. Feb. 28, 2025) (citing *Black v. Hollinger Int'l, Inc.* 2004 WL 906587, at *1 (Del. Apr. 23, 2004) (TABLE)).
[5] Supr. Ct. R. 42(b)(ii).

case, whose resolution would necessarily await briefing and decision of this separate question in the Supreme Court. After a final judgment is rendered, Plaintiff may have her day with the Supreme Court concerning the Court's immunity ruling. She has not shown a sufficient basis for excepting the usual order and the motion for interlocutory review will therefore be denied.

**IT IS SO ORDERED.**

/s/ **Charles E. Butler**

Charles E. Butler, Resident Judge